UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oncology Therapeutics Network Connection,<br><br>                    Plaintiff,<br><br>          v.<br><br>Virginia Hematology Oncology PLLC, a limited liability company; Ronald Poulin, an individual,<br><br>                    Defendant(s).<br>_____/ | No. C 05-3033   WDB<br><br>ORDER FOLLOWING OCTOBER 19, 2005, HEARING ON PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER |

On October 19, 2005, the Court conducted a hearing on plaintiff's application for a writ of attachment and a right to attach order. During the hearing, the Court and the parties also discussed various case management issues. For reasons articulated more thoroughly on the record, the Court ORDERS as follows:

I.      Plaintiff's Pending Application for Writ of Attachment and Right to Attach Order

1. The Court has reviewed plaintiff's application for writ of attachment and right to attach order, and finds that the application and evidence submitted in support thereof are sufficient to justify issuance of a writ of attachment and right to attach order.[1]

---

[1] The Court, however, sets important limits on the scope of the writ of attachment in the pages that follow.

1

1 More specifically, the Court FINDS that (i) the claim upon which the attachment is based is one upon which an attachment may be based; (ii) the evidence submitted by plaintiff (as yet unrebutted) establishes the probable validity of the claim upon which the attachment is based; and (iii) the attachment is not sought for a purpose other than the recovery upon which the request for attachment is based.  See Cal. Code of Civ. Proc. § 484.090(a).

2. Defendant has not sought to prove that any of the property sought to be attached is exempt from attachment.  On this record, the Court finds that the defendant has failed to prove that any of the property sought to be attached is exempt from attachment.  See Cal. Code of Civ. Proc. § 484.090(b).

3. At the hearing, plaintiff's counsel confirmed that his application for Writ of Attachment does not seek a Court award of attorneys fees and costs.  Rather, the amount plaintiff seeks to secure by the attachment includes attorneys fees and costs.

4. Plaintiff's application seeks a writ of attachment applicable to twelve different types of property, including a piece of real property located at 1504 Oak Hill Court, Virginia Beach, Virginia, 23454.  Defendant argues that the Court does not have jurisdiction to issue a writ of attachment for property whose legal situs is outside of California.

The Court believes that defendant is correct on this point.  See, e.g., Pacific Decision Sciences Corp. v. Superior Court (Maudlin), 121 Cal.App.4th 1100, 1108 (2004) (court lacked jurisdiction to issue turnover order in aid of writ of attachment for out-of-state property); Paul H. Aschkar & Co. v. Curtis, 327 F.2d 306, 310 (9th Cir. 1963) (no district court attachment jurisdiction outside state despite 1934 Securities Exchange Act provision permitting nationwide service of process); Taylor v. Taylor, 192 Cal. 71, 76 (1923) (jurisdiction to affect title to real property rests solely with situs state); California Practice Guide, Enforcing Judgments & Debts, Ch. 4-A at 4:75 (2005 ed.) ("Levies under a writ of attachment can only reach property within California.  Thus, defendant's property located outside California cannot be attached in a California action").

2

1   Accordingly, the Court's right to attach order and the corresponding writ of attachment
2   will reach <u>only</u> property whose legal situs is within the state of California.

3   5.   Plaintiff's application seeks a writ of attachment applicable to both defendant
4   Virginia Hematology Oncology and defendant Poulin.  With the exception of the one <u>non-</u>
5   <u>attachable</u> piece of real property located in Virginia, however, plaintiff's application does not
6   identify any <u>specific</u> items of property.  Rather, it lists general categories of presumptively
7   attachable property.

8   Code of Civil Procedure section 484.020(e) states that, "Where the defendant is an
9   <u>individual</u>, the description of the property shall be reasonably adequate to permit the
10  defendant to identify the specific property sought to be attached."  Cal. Code of Civ. Proc.
11  § 484.020(e) (emphasis added).  Except as to the piece of real property in Virginia, plaintiff's
12  list of general categories of property is not reasonably adequate to permit individual
13  defendant Poulin to identify the specific property plaintiff seeks to attach.  Accordingly, on
14  this record, the Court will not issue a writ of attachment as to defendant Poulin's property.

15  Code of Civil Procedure section 484.020(e) also states that, "Where the defendant is
16  a <u>corporation</u>, a reference to 'all corporate property which is subject to attachment pursuant
17  to subdivision (a) of Code of Civil Procedure section 487.010' satisfies the requirements of
18  this subdivision."  Cal. Code of Civ. Proc. § 484.020(e) (emphasis added).  We find that
19  plaintiff's description of the property subject to attachment as to defendant Virginia
20  Hematology Oncology meets the statutory standard.

21  6.   In sum, at this time, the Court will issue a right to attach order authorizing
22  issuance of a writ of attachment that reaches all of defendant Virginia Hematology
23  Oncology's property whose legal situs is in California.

24  Plaintiff's posting of a $10,000 bond will be a condition precedent to the issuance of
25  the writ of attachment by the Clerk of the Court.

26
27
28

7. Plaintiff may submit an application for another writ of attachment after it acquires additional information regarding the nature, amount, and location of defendants' assets. (See below.)

II.   Case Management

1.   To the extent necessary to meet the informational needs of the parties discussed at the October 19, 2005, hearing, the Court hereby LIFTS the stay of discovery imposed by Federal Rule of Civil Procedure 26.

2.   Defense counsel must make Dr. Poulin available for deposition on a date agreeable to plaintiff's counsel **prior to December 9, 2005.** If defendants designate Dr. Poulin as their 30(b)(6) witness on certain specified topics, Dr. Poulin may be deposed in both his 30(b)(6) and individual capacities. In addition, plaintiff may depose Dr. Poulin regarding both the merits of the case and the nature, amount, and location of his assets (and, if he is designated defendant Virginia Hematology Oncology's 30(b)(6) witness on this topic, the nature, amount, and location of defendant Virginia Hematology Oncology's assets).

Significantly in advance of Dr. Poulin's deposition, defense counsel must assess, through discussions with Dr. Poulin, whether the amount of information plaintiff's counsel will be able to elicit at Dr. Poulin's deposition regarding the above-referenced topics would be substantially increased by the contemporaneous solicitation of information from, for instance, Dr. Poulin's bookkeeper, accountant, or assistant. If the presence of one of these people (or another person operating in a similar capacity) would substantially increase the information available on these topics, this person must be available for questioning at Dr. Poulin's deposition.

3. If, after deposing Dr. Poulin, (and conducting additional asset-based discovery, if necessary), plaintiff's counsel wishes to contest defendants' position that all of their assets have a legal situs outside of the State of California, plaintiff's counsel must send correspondence to the Court (via the Court's electronic filing system) so stating. Plaintiff's

1  correspondence must propose a briefing schedule and hearing date for the resolution of these
2  issues, and must be electronically filed **by no later than December 20, 2005.**
3      4.  The Case Management Conference, previously scheduled to occur on November
4  28, 2005, and the hearing on plaintiff's Motion for Summary Judgment, previously scheduled
5  to occur on November 30, 2005, are hereby VACATED.
6      5.  If, at any time, either party believes that a conference is necessary to address a
7  pending case management issue, they may call the Court's administrative law clerk at (510)
8  637-3324 and request that such a conference be scheduled.
9      6.  The Court encourages the parties to continue their efforts to resolve this case by
10 settlement.
11     IT IS SO ORDERED.
12 Dated: October 24, 2005
13                                                    WAYNE D. BRAZIL
                                                      United States Magistrate Judge
14 Copies to: Parties, WDB, stats